IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RONNIE JAMES LAFLEUR, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-621 |
| ST. ELIZABETH HOSPITAL STAFF, *et al.*, | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Ronnie James Lafleur, a former pre-trial detainee at the Jefferson County Jail, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Beaumont Police Department ("BPD") Officers John Cross and Trey Billingsley, and John and Jane Doe, nurses employed by St. Elizabeth Hospital.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends plaintiff's claims against these defendants should be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds the objections lacking in merit. Contrary to plaintiff's belief, the nurses and staff of St. Elizabeth Hospital are not state actors as required under 42 U.S.C. § 1983. As outlined by the Magistrate Judge, in order to act under color of state law, the defendant in a § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). Defendants John and Jane Doe were employees of St. Elizabeth Hospital and were not acting under the authority of state law.

To the extent that plaintiff argues the St. Elizabeth defendants can be held liable under § 1983 as they were "compelled" by BPD defendants to act or not treat plaintiff, plaintiff's own allegations contradict this theory. Assuming, without finding, that the hospital defendants could be held liable as state actors under § 1983, their actions as alleged by plaintiff and outlined in the Report and Recommendation do not support a theory of deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (a plaintiff must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").[1]

With respect to plaintiff's continued assertions that officers Billingsley and Cross acted with deliberate indifference when they "rushed" the medical staff at St. Elizabeth, these claims lack merit. The Magistrate Judge properly construed this claim as a denial of medical care and found that plaintiff failed to demonstrate the defendants acted with "wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). At most, plaintiff alleges a delay in medical treatment by a few minutes when defendant Cross allegedly took plaintiff from the emergency room but then took him back for further treatment. Such a delay does not constitute an Eighth Amendment violation. *Menodoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff concedes he was treated at the scene of the arrest and then brought to the hospital for further medical treatment. Plaintiff has failed to allege facts that meet the extremely high deliberate indifference standard. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

---

[1] Plaintiff's complaints that he was not treated extensively by the hospital or kept over night for observation are claims that are cognizable under a common law negligence and/or medical malpractice theory and are not proper under 42 U.S.C. § 1983.

ORDER

Accordingly, the objections of plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge